IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Rickey Linda Thomas, ) | Case No. 05-13551-BGC-13 |
| Debtor. ) | |
| | |
| Rickey Linda Thomas, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | A.P. No.: _____ |
| ) | |
| Cenlar Mortgage Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum Opinion on Request for a
Temporary Restraining Order**

This matter came before the Court on a <u>Complaint for Injunctive Relief</u> filed at 4:31 p.m. on March 19, 2007, by the debtor. The complaint was filed in the main case and not as a separate adversary proceeding. After notice, a hearing was held at approximately 4:35 p.m. on March 19, 2007. The debtor and her attorney Edward Sexton appeared in the courtroom. Robert Wermuth, the attorney for Cenlar Mortgage Company appeared by telephone.[1]

**I. Findings of Fact**

Cenlar filed a previous motion for relief from the stay in this case. On August 3, 2006, the Court entered an order prepared by the parties that resolved that motion. The pertinent part of the order reads:

---

[1] Consequently, for purposes of Rule 65 of the Federal Rules of Civil Prpcedure, notice and an opportunity were afforded the defendant. However, the Court finds, as guided by the opinion in <u>Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205 (11th Cir. 2003), the Court believes that the notice given here is not sufficient to issue a preliminary injunction. Therefore only the temporary restraining order will be issued. As set out in the order below, and in accordance with the spirit of Rule 65 encouraging prompt adjudication of matters of this sort, a trial on the request for a preliminary injunction will be held on March 28, 2007, at 1:30p.m.

> IT IS FURTHER ORDERED, should CENLAR fail to receive any regular monthly payments from Debtor (beginning August, 2006) within the calendar month such payment comes due, and after a fifteen (15) day written notice of default to debtor and debtor's attorney, the stay shall lift automatically without further order or this Court, and CENLAR may proceed with foreclosure.

<u>Order</u>, entered August 3, 2006.

Cenlar contends that the debtor failed to make all mortgage payments after this order was entered and concludes that the stay then lifted pursuant to the order. Cenlar argues this occurred around November 21, 2006, after Cenlar gave the debtor the written notice required by the August 3, 2006, order. The notice was introduced as Debtor's Exhibit 1. The parties agree that the arrearage amount at that time was $1,143, which represented the mortgage payments for October 2006 and November 2006.

A properly advertised foreclosure is scheduled today, March 20, 2007, for the debtor's home.[2]

The debtor testified that within the 15-day period, she attempted to pay part of the amount due and that she made an offer to pay the balance in December. The debtor sent $800 on December 3, 2006. Cenlar held those funds until January 2007. The debtor had conversations with both New South Federal Savings Bank, the mortgagee, and Cenlar, the servicing agent for New South.

The debtor's mother died around this time. The debtor had additional expenses associated with that unfortunate occurrence.

The debtor testified that New South or Cenlar refused the funds sent by the debtor but told the debtor to submit a "workout package." The debtor sent that package in January 2007. Each time she called to check on the status of the package, she was told it had not been completed but not to send money. She was told it would take 30 to 45 days to complete the package.

The debtor testified that at that time she understood that the foreclosure process on her mortgage had not begun. The last time she talked with New South she was told the package was not completed. After she became aware that a notice of foreclosure had been published, she called and was told that nothing could be done until the package was reviewed.

---

[2] Notice of foreclosure was sent to debtor on February 9, 2007. Publication occurred on February 17, 2007, February 24, 2007 and March 2, 2007.

She called Cenlar on March 19, 2007 (before the hearing). They told her the package was still not complete. She was told that two people had worked on the package, but they had left and did not complete the package.

The parties agree that the debtor has not made her mortgage payments for October 2006, November 2006, December 2006, January 2007, February 2007, and March 2007. At the hearing, the debtor had $1,500 to pay towards those payments.

The debtor testified that there was equity in the property.

## II. Conclusions of Law

Writing for the Court of Appeals for the Eleventh Circuit in <u>Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue either a temporary restraining order or preliminary injunction. He writes:

> A district court may issue a preliminary injunction where the moving party demonstrates:
>
> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) if issued, the injunction would not be adverse to the public interest.

<u>Id</u>. at 1210 (citing <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir.2000); <u>McDonald's Corp.</u>, 147 F.3d at 1306; <u>All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.</u>, 887 F.2d 1535, 1537 (11th Cir.1989)).[3]

Based on the evidence, and the Court's statements on the record, the Court finds that: (1) there is a substantial likelihood of the debtor's success on the merits, that is the stay may not have lifted by operation of the order because the debtor attempted to cure the default within the 15-day period provided by the Court's August 3, 2006, order, or if it did, there is reason for allowing the debtor relief from the August 3, 2006, order; 2) if Cenlar were allowed to foreclose on the debtor's home, the debtor would

---

[3] The same standard applies in considering whether to issue a temporary restraining order. <u>Parker v. State Bd. of Pardons and Paroles</u>, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

3

suffer irreparable injury as a foreclosure would prevent the debtors from rehabilitating the mortgage in a Chapter 13 case; 3) there is no reasonable likelihood of the property depreciating in value during the time of the restraining order that will be issued forthwith; consequently, the threatened injury to the debtors is greater than any damage the proposed injunction may cause the defendant; and 4) the issuance of the injunction will not disserve the public interest.

### III. Conclusions

For the above reasons and pursuant to Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), the Court finds that Cenlar is due to be enjoined from foreclosing on the debtors' home as scheduled for Tuesday, March 20, 2007.[4]

In addition, the Court finds that the foreclosure sale scheduled for March 20 2007, should be continued to April 24, 2007.

A trial on the request for a preliminary injunction will be held on March 28, 2007, at 1:30 p.m. in Courtroom 4 of the Robert S. Vance Federal Building, 1800 Fifth Avenue North, Birmingham, Alabama. A separate order will be entered in conformity with this Memorandum Opinion.

Done this 20th day of March, 2007     /s/Benjamin Cohen
                                                               BENJAMIN COHEN
                                                               United States Bankruptcy Judge

---

[4] Pursuant to Rule 7065, Federal Rules of Bankruptcy Procedure, a temporary restraining order or preliminary injunction may be issued on application of a debtor without security.